REQUESTED BY: Dear Senator DeCamp:
You have submitted to us proposed amendments to LB 42, and have asked our opinion as to their constitutional validity. As we understand it, the amendments you are concerned about the those contained in new sections 12, 13, and 14.
Section 12 would impose a tax on the transportation of freight by railroad in this state at the rate of three thousandths of a cent per ton-mile. Section 13 provides that the revenue derived shall be placed in the Grade Crossing Protection Fund. Section 14 provides penalty for failing to file reports or to pay the tax.
The amendments are similar to those we discussed in our opinion no. 78, dated April 9, 1979, but the two features we found suspect in the amendments considered in that opinion, discrimination against interstate commerce and unreasonable classification, have been eliminated. The present amendments impose the tax on intrastate as well as interstate transportation, so there is no discrimination, and it applies to all freight, not just coal.
In Complete Auto Transit, Inc., v. Brady, 43 U.S. 274,51 L.Ed.2d 326, 97 S.Ct. 1076 (1977), the court upheld a tax on the privilege of operating a pipeline, railroad, airplane, bus, truck or any other transportation business between points within the state. The court said a tax would be valid which applied to an activity with a substantial nexus with the taxing state, was fairly apportioned, did not discriminate against interstate commerce, and was fairly related to the services provided by the state.
In Washington Revenue Department v. StevedoringAssociation, 435 U.S. 734 55 L.Ed.2d 682, 98 S.Ct. 1388 (1978), the court permitted a state tax on stevedoring. Citing Complete Auto, the court said that a state has a significant interest in exacting from interstate commerce its fair share of the costs of state government, and that the Commerce Clause balance tips against the tax only when it unfairly burdens interstate commerce by exacting more than a just share from the interstate activity. The court also discussed and rejected an argument that the tax was in violation of the Import-Export Clause of the Constitution.
It is our conclusion that the proposed tax meets the tests imposed by the above cases. Certainly passage through the state establishes nexus. The tax is on a ton-mile basis, which seems fair apportionment. It does not discriminate against interstate commerce. The proceeds are placed in the Grade Crossing Protection Fund created by section39-6,194, R.R.S. 1978, so it is fairly, and directly, related to the services provided by the state. We therefore are of the opinion that such a tax could be successfully defended.